**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Gary Earl Brundage, | Case No. 2:22-cv-01670-APG-BNW |
| Plaintiff, | |
| v. | **SCREENING ORDER** |
| Matthew Johnson, *et al.*, | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Gary Brundage's request to proceed *in forma pauperis* (ECF No. 1), filed October 3, 2022.

**I.    *In Forma Pauperis* Application**

All parties instituting any civil action, suit, or proceeding in a district court of the United States must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Mr. Brundage has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. ECF No. 1. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

The Court will next screen Plaintiff's complaint. ECF No. 1-2.

**II.    Screening the Complaint**

**A.  Standard of Review**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear that the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Analysis**

Plaintiff brings a claim against two individual Defendants, Matthew Johnson and Darren Cox, and one corporate Defendant, the Church of Jesus Christ of Latter-Day Saints. ECF No. 1-2 at 2. He alleges that the Court has subject-matter jurisdiction under both federal question and diversity of citizenship. *Id.* at 3.

**1. Subject-Matter Jurisdiction**

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal courts have jurisdiction when there is a federal question presented or where there is diversity of citizenship between the parties.

This Court has an independent duty to consider its own subject-matter jurisdiction, whether the issue is raised by the parties, and must dismiss an action over which it lacks jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss [a case] sua sponte for lack of jurisdiction."). "The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *see also Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

For reasons discussed below, the Court finds that Plaintiff has not met his burden to establish that this Court has subject-matter jurisdiction over this case.

### a. Federal Question

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," otherwise known as federal question jurisdiction. 28 U.S.C. § 1331.

Here, Plaintiff alleges that the Court has federal-question jurisdiction on grounds that Defendants discriminated against him based on his sexual orientation and history of substance abuse. ECF No. 1-2 at 3. But Plaintiff fails to provide any federal law under which his claim arises. Even liberally construing his complaint, it is unclear to the Court what federal laws are implicated to establish subject-matter jurisdiction under 28 U.S.C. § 1331.

### b. Diversity of Citizenship

Federal district courts also have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, Plaintiff argues that the Court has diversity jurisdiction over this matter. *Id.* at 3. He alleges the states of citizenship for himself and Defendants Johnson and the Church of Latter-Day Saints and an amount in controversy exceeding $75,000. *Id.* at 3–4. But these allegations are insufficient to establish diversity jurisdiction. This is so for several reasons.

First, each of the parties whose citizenship is identified are listed as citizens of Nevada. *Id.* This means there is no diversity as Plaintiff and Defendants Johnson and Church of Latter-Day Saints are citizens of the same state—Nevada.

Second, Plaintiff does not allege Defendant Cox's state of citizenship, so the Court cannot determine whether diversity of citizenship exists.

Third, Plaintiff's statement of damages is conclusory. Although he seeks $22 million in damages (well above the $75,000 amount-in-controversy requirement), he fails to provide a factual basis for his damages (i.e., *why* he is entitled to that amount of damages). *Id.* at 4.

Because it does not appear that the Court has either federal question or diversity jurisdiction over this matter, it will dismiss Plaintiff's complaint without prejudice and with leave to file an amended complaint.

## 2. Plaintiff's Claims

While Plaintiff appears to assert a claim for breach of contract, he also generally alleges discrimination and emotional distress. *Id.* at 6. Should Plaintiff choose to file an amended complaint, he is advised to provide short, plain statements of his claims consistent with the descriptions below.

The formation of a contract requires offer, acceptance, consideration, and a meeting of the minds on the material terms. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005). "Breach of contract is the material failure to perform a 'duty arising under or imposed by agreement.'" *State Dep't of Transp. v. Eighth Judicial Dist. Court in and for Cnty. of Clark*, 402 P.3d 677, 682 (Nev. 2017) (quoting *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987)). Plaintiff has only generally alleged a breach of contract claim. If he chooses to file an amended complaint, he is advised to identify when an agreement was formed, between which parties, and how it was breached and by whom.

As noted above, Plaintiff generally alleges that Defendants discriminated against him. Discrimination can come in various forms and contexts. If Plaintiff wishes to proceed with this claim, he needs to provide a specific legal basis for the discrimination.

Plaintiff also generally alleges a claim of intentional infliction of emotional distress ("IIED"). An IIED claim requires that a defendant performed "(1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress, (2) the plaintiff suffered severe or extreme emotional distress and (3) actual or proximate causation." *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2000). To properly state a claim for IIED, Plaintiff must allege facts that establish these elements.

Finally, Plaintiff seeks monetary damages on behalf of his family members. ECF No. 1-2 at 4. Although Plaintiff may proceed in litigation as a self-represented party (and seek relief for himself), he cannot bring legal actions on behalf of others unless he is an attorney. *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997). If Plaintiff chooses to file an amended complaint, he should be advised that he may not represent anyone but himself.

### C. Amendment

If Plaintiff chooses to file an amended complaint, he must (1) establish how the Court has subject-matter jurisdiction over this matter, and (2) provide short, plain statements to explain his claims.

Plaintiff can establish subject-matter jurisdiction through a proper showing of a federal question or diversity of citizenship. If he wishes to proceed under federal-question jurisdiction, he must provide specific federal law(s) for the discrimination he alleges. Alternatively, if Plaintiff seeks to proceed under diversity jurisdiction, he must show that full diversity of citizenship exists between Defendants and him (i.e., he must show that Defendants are citizens of different states than he is). Plaintiff must do so for each Defendant. Additionally, he must provide a factual basis for the amount in controversy.

As discussed above, Plaintiff also should provide short, plain statements of his claims to help the Court understand what he is alleging.

Finally, Plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-2) will no longer serve any function in this case. This means that the Court cannot refer to a prior pleading or to other documents to make Plaintiff's amended complaint complete. *Hal Roach Studios, Inc. v. Richard Feiner and Co. Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). Put

another way, the amended complaint must be complete in and of itself without reference to prior pleadings or to other documents. *See id.*

### III. Conclusion and Order

**IT IS THEREFORE ORDERED** that Plaintiff Gary Brundage's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED. Plaintiff will not be required to pay the filing fee in this action. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs. This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the complaint (ECF No. 1-2) is DISMISSED without prejudice but with leave to amend.

**IT IS FURTHER ORDERED** that if Plaintiff chooses to do so, he must file an amended complaint by December 16, 2022. Failure to file an amended complaint will result in a recommendation that this case be dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to detach and file Plaintiff's complaint (ECF No. 1-2).

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a *pro se* form complaint.

DATED: November 16, 2022.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE